UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN SPENCER, Booking #16143756,<br><br>         Plaintiff,<br><br>  vs.<br><br>CITY OF VISTA, et al.,<br><br>         Defendants. | Case No. 3:16-cv-02313-CAB-KSC<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

BENJAMIN SPENCER ("Plaintiff"), proceeding pro se, and while detained at the San Diego Sheriff's Department Vista Detention Facility ("VDF"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 6, 2016, alleging excessive force at the time of his arrest, and negligence on the part of unidentified VDF staff when he was later attacked by a fellow detainee. (ECF No. 1 at 4.)

### I. Procedural Background

On December 9, 2016, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"), but dismissed his Complaint for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) (ECF No. 3). Plaintiff was informed of his pleading deficiencies, and granted leave to amend them. (*Id.* at 5-9.)

On January 21, 2017, Plaintiff filed a First Amended Complaint (ECF No. 4), followed a week later by a Motion to Appoint Counsel (ECF No. 6). On February 10, 2017, the Court denied Plaintiff's Motion, and sua sponte dismissed his First Amended Complaint, again because it failed to state a claim (ECF No. 7). Plaintiff was once more apprised of his pleading deficiencies, and granted leave to file a Second Amended Complaint within 45 days. (*Id.* at 9-10.)

Almost four months have passed since the Court's February 10, 2017 Order. Plaintiff has not filed a Second Amended Complaint; nor has he requested an extension of time in which to do so. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."); *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's February 10, 2017 Order (ECF No. 7).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: June 8, 2017

Hon. Cathy Ann Bencivengo
United States District Judge